IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PANHANDLE CLEANING AND RESTORATION, INC.**
and
**MASTER DRY LLC,**

      **Plaintiffs,**

v.      CIVIL ACTION NO. 3:17-CV-117 (Groh)

**NATIONWIDE MUTUAL INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, STATE FARM GENERAL INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE COMPANY, SAFECO INSURANCE COMPANY OF AMERICA, PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, AMICA MUTUAL INSURANCE COMPANY, USAA CASUALTY INSURANCE COMPANY, MOTORISTS MUTUAL INSURANCE COMPANY, CUMBERLAND INSURANCE COMPANY, INC., CONTRACTOR CONNECTION, WESTFIELD INSURANCE COMPANY, AND JOSEPH E. FREME, individually,**

      **Defendants.**

ELECTRONICALLY FILED
Sep 22 2017
U.S. DISTRICT COURT
Northern District of WV

**COMPLAINT**

COME NOW the Plaintiffs, Panhandle Cleaning and Restoration, Inc.("Panhandle") and Master Dry LLC ("Master Dry"), by and through counsel, who for their Complaint against the Defendants, state as follows:

**JURISDICTION AND VENUE**

1. Under the diversity jurisdiction statute, 28 U.S.C. § 1332, this Court has original jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Venue of this case is appropriate in this

Court pursuant to 28 U.S.C. § 1391. A substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this judicial district.

2. Plaintiff Panhandle Cleaning and Restoration, Inc. ("Panhandle") is a West Virginia corporation with its principal place of business in West Virginia.

3. Plaintiff Master Dry LLC ("Master Dry") is a Maryland corporation with its principal place of business in West Virginia.

4. Defendants transact substantial business throughout the state of West Virginia. The Plaintiffs, at all times relevant to the matters hereinafter set forth, conduct business throughout the state of West Virginia, particularly in Wheeling, West Virginia and Martinsburg, West Virginia. Panhandle's principal place of business is Wheeling, West Virginia, and Master Dry's principal place of business in Martinsburg, West Virginia. Plaintiffs Panhandle and Master Dry provide repair and renovation work to homeowners. Plaintiffs specialize in emergency response, general repairs, disaster restoration, and other general residential and commercial restoration work.

5. The Defendant, Nationwide Mutual Insurance Company ("Nationwide") is a foreign company, authorized to do business in West Virginia and it continues to do business in West Virginia. Nationwide is incorporated in Ohio, and its principal place of business is Illinois. It transacts business throughout the State of West Virginia, including in Ohio County and Berkeley County, West Virginia.

6. The Defendant, Allstate Insurance Company ("Allstate"), is a foreign company authorized to do business in West Virginia and it continues to do business in West Virginia. Allstate is incorporated in the state of Illinois, and its principal place of business is Illinois. It transacts business throughout the state of West Virginia, including in Ohio County and

Berkeley County, West Virginia.

7.  The Defendant, State Farm General Insurance Company ("State Farm") is a foreign company authorized to do business in West Virginia and it continues to do business in West Virginia. State Farm is incorporated in the state of Illinois, and its principal place of business is Illinois. It transacts business throughout the state of West Virginia, including in Ohio County and Berkeley County, West Virginia.

8.  The Defendant, Liberty Mutual Insurance Company ("Liberty") is a foreign company, authorized to do business in West Virginia and it continues to do business in West Virginia. Liberty is incorporated in the state of Massachusetts, and its principal place of business is Massachusetts. It transacts business throughout the State of West Virginia, including in Ohio County and Berkeley County, West Virginia.

9.  The Defendant, Safeco Insurance Company of America ("Safeco") is a foreign company, authorized to do business in West Virginia and it continues to do business in West Virginia. Safeco is incorporated in the state of Washington, and its principal place of business is Washington. It transacts business throughout the State of West Virginia, including in Ohio County and Berkeley County, West Virginia.

10. The Defendant, Pennsylvania National Mutual Casualty Insurance Company ("Penn National") is a foreign company authorized to do business in West Virginia and it continues to do business in West Virginia. Penn National is incorporated in the state of Pennsylvania, and its principal place of business Pennsylvania. It transacts business throughout the state of West Virginia, including in Ohio County and Berkeley County, West Virginia.

11. The Defendant, Amica Mutual Insurance Company ("Amica"), is a foreign company authorized to do business in West Virginia and it continues to do business in West Virginia. Amica is incorporated in the state of Rhode Island, and its principal place of business Rhode Island. It transacts business throughout the state of West Virginia, including in Ohio County and Berkeley County, West Virginia.

12. USAA Casualty Insurance Company ("USAA"), is a foreign company authorized to do business in West Virginia and it continues to do business in West Virginia. USAA is incorporated in the state of Texas, and its principal place of business is Texas. It transacts business throughout the state of West Virginia, including in Ohio County and Berkeley County, West Virginia.

13. The Defendant, Motorists Mutual Insurance Company ("Motorists") is a foreign company authorized to do business in West Virginia and it continues to do business in West Virginia. Motorists is incorporated in the state of Ohio, and its principal place of business is Ohio. It transacts business throughout the state of West Virginia, including in Ohio County and Berkeley County, West Virginia.

14. The Defendant, Cumberland Insurance Company, Inc. ("Cumberland") is a foreign company authorized to do business in West Virginia and it continues to do business in West Virginia. Cumberland is incorporated in the state of New Jersey, and its principal place of business is New Jersey. It transacts business throughout the state of West Virginia, including in Ohio County and Berkeley County, West Virginia.

14. The Defendant, Contractor Connection, is a foreign Company authorized to do business in West Virginia and it continues to do business in West Virginia. Contractor Connection is incorporated in the state of Florida, and its principal place of business is

Florida. Contractor Connection is a contractor referral service that partners with insurance companies to identify companies within its network of participating contractors to provide repair and renovation work that is covered by individuals' insurance policies. Contractor Connection charges a fee to contractors in order for those contractors to be part of Contractor Connection's participating referral network. It transacts business throughout the state of West Virginia, including in Ohio County and Berkeley County, West Virginia. According to its website, www.contractorconnection.com, Contractor Connection specializes "in emergency response, general repairs, disaster restoration, and all manner of general residential and commercial residential work." Contractor Connection also claims that it is "an alternative for high frequency, low severity claims that do not require the expertise of a field adjuster." Contractor Connection charges contractors a fee to be part of its referral network.

15.     The Defendant, Westfield Insurance Company ("Westfield") is a foreign company, authorized to do business in West Virginia and it continues to do business in West Virginia. Westfield is incorporated in the state of Ohio, and its principal place of business is Ohio. It transacts business throughout the State of West Virginia, including in Ohio County and Berkeley County, West Virginia.

### NATURE OF THE CASE

16.     This is an action for damages and equitable relief. Defendants are liable for tortious interference of business relations for damages directly resulting from Defendants' practice of steering casualty claims away from Plaintiffs, who are not and were not a part of the Contractor Connection network, toward contractors that were "preferred providers" and that participate in the Contractor Connection network. Plaintiffs also seek relief under the West Virginia Antitrust Act, W.Va. Code § 47-18-1, *et seq.* ("Antitrust Act"). Defendants

have conspired and acted in concert to engage in unfair business practices that reduce competition in violation of the Antitrust Act. Plaintiffs were financially harmed by the conduct of Defendants affecting Plaintiffs' probability of future economic benefit.

## FACTS RELEVANT TO ALL CLAIMS

17. Plaintiffs, Panhandle and Master Dry, are leading providers of disaster recovery services to homeowners in West Virginia. Both are family-owned businesses, with a reputation for quality work.

18. Panhandle has been in business for 40 years. Master Dry has been in business for 15 years. Plaintiffs routinely perform casualty claims work on behalf of insured homeowners. In so doing, Plaintiffs are called upon, frequently in emergency situations, to perform work covered by consumers' insurance policies with insurance company Defendants. Plaintiffs provide estimates to consumers for their services and are on call 24 hours per day given the emergency nature of some of their work. In those instances, when they perform work for consumers, the insurance company directly compensates Plaintiffs on behalf of the insured consumers for the work performed.

19. Plaintiffs frequently were called by policy holders following a covered event before the policy holder contacted his or her insurance company. In at least one instance involving each of the Defendants during the past 48 months, Plaintiffs were contacted directly by numerous policy holders to perform work covered by that insured's policy, only to have that same policy holder cancel the work order shortly thereafter, after speaking with a representative of the policy holders' insurance company.

20. Policy holders who had already scheduled work with Plaintiffs were told by Defendant insurance companies' representatives that they were required by their insurance

company to use a particular company or companies, and that Plaintiffs were not on that list of providers. Policy holders were led by Defendant insurance companies to believe that if they failed to use the company to which there were steered by the insurance company that the insurance company would not pay for the work performed. Defendant insurance company representatives have ceased making referrals to Plaintiffs for work covered by insurance.

21. Plaintiffs are not members of the Contractor Connection network and do not pay Contractor Connection any fee.

22. Defendant insurance companies engaged in a process of steering policy holders exclusively to contractors engaged in business with Defendant Contractor Connection and intentionally excluding Plaintiffs from referrals for work because they were not members of Contractor Connection. Policy holders who had insurance policies with Defendant insurance companies were instructed to use Defendant Contractor Connection approved contractors. Plaintiffs are not affiliated in any with Contractor Connection, which charges participating contractors an application fee, a sales fee for every job performed, and an annual membership fee. Defendants are not Contractor Connection approved contractors.

23. As part of the business model of Defendants, Contractor Connection and the insurance company Defendants actively dissuaded policy holders from using Plaintiffs to perform the necessary work by telling policyholders which preferred provider to use for insured services and repairs, suggesting that if they did not use the preferred provider, the insurance company might not pay for the work performed. Most of these policy holders, who were facing emergency work and needed to act quickly to avoid further property damage, believed they had no choice but to have the work performed by the company identified by Defendant insurance company.

24. Defendants' actions in controlling the marketplace had an adverse impact on free market competition. Defendants' coordinated practice of steering policy holders away from non-members of Contractor Connection, like Plaintiffs, has reduced Plaintiff's business and restrained trade.

25. Defendants knew that their actions would adversely affect Plaintiffs, and Defendants intended, through their actions, to harm Plaintiff's business.

26. Defendants, by refusing to deal with any contractor not a member of Contractor Connection, actively conspired and colluded with the intent and purpose of controlling the market for emergency home services.

## COUNT I

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

27. Plaintiffs re-allege and incorporate paragraphs 1 through 25 above.

28. Plaintiffs had an economic expectancy regarding work for insurance policy holders. Plaintiffs had many prior business dealings with Defendant insurance companies prior to Defendant insurance companies' affiliation and association with Contractor Connection.

29. Defendant's interference caused harm by diminishing the economic benefits that Plaintiffs reasonably expected would be forthcoming but for Defendants' actions. Defendants were aware of this expectancy and acted intentionally to interfere with that expectancy. Defendants intended their actions to have an adverse impact on Plaintiffs.

30. Plaintiffs were financially impacted by Defendants' business practices which resulted in excluding them. In some cases, Plaintiffs performed estimates for consumers and mobilized for work, only to have that work cancelled because consumers were led by

insurance company representatives to believe that the insurance company Defendants would only pay for work from contractors on the approved Contractor Connection list.

31. The actions of Defendants were intentional, willful, wanton, and malicious. As a direct result of Defendants' activities, Plaintiffs are entitled to recover both economic and non-economic damages, including attorney fees, expenses, and punitive damages.

## COUNT II

## WEST VIRGINA ANTITRUST ACT

32. Plaintiffs re-allege and incorporate paragraphs 1 through 29 above.

33. W.Va. Code § 47-18-3(a) provides that "[e]very contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in this State shall be unlawful."

34. Defendants worked in concert and in violation of the West Virginia Antitrust Act conspired to restrain trade and commerce by pursuing their scheme to steer work to preferred contractors, to the exclusion of Plaintiffs.

35. Defendants intended to fix and control the market by steering casualty claims away from Plaintiffs towards "preferred provides" of Defendants.

36. The West Virginia Antitrust Act also provides that "[a]ny person who shall be injured in his business or property by reason of a violation of the provisions of this article may bring an action therefor and shall recover threefold the damages sustained by him, together with reasonable attorneys' fees, filing fees and reasonable costs of the action." § 47-18-9. Plaintiffs seek treble damages and equitable relief to prohibit Defendants from engaging in anti-competitive actions in the future.

**WHEREFORE**, Plaintiffs request judgment against the Defendants as follows:

a) Monetary damages in an amount sufficient to compensate Plaintiffs for three times the amount of their losses described herein, including compensatory and punitive damages, costs, and attorney fees.

b) Pre-judgment and post-judgment interest;

c) An order prohibiting Defendants from steering policy holders to insurance company preferred contractors, and

d) Any further relief the Court may deem just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY**

        PANHANDLE CLEANING AND
        RESTORATION, Inc. and
        MASTER DRY LLC, Plaintiffs

BY:    s/Christopher J. Regan
        CHRISTOPHER J. REGAN (Bar #8593)
        Bordas & Bordas, PLLC
        1358 National Road
        Wheeling, WV 26003
        (304) 242-8410
        As Counsel for Plaintiffs